IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RAY WOODS,<br><br>                Petitioner,<br><br>vs.<br><br>M. MARTELL, Warden (A), Mule Creek State Prison,<br><br>                Respondent. | No. 2:08-cv-00585-JKS<br><br>MEMORANDUM DECISION |

Petitioner Christopher Ray Woods, a state prisoner appearing *pro se*, filed a petition for relief under 28 U.S.C. § 2254. Woods is currently in the custody of the California Department of Corrections and Rehabilitation incarcerated at the Mule Creek State Prison. Respondent has answered the petition, and Woods has filed a traverse.

## I. BACKGROUND/PRIOR PROCEEDING

Woods was convicted by a Yuba County Superior Court jury of first degree robbery (Cal. Penal Code, § 211), with the jury finding true that defendants acted in concert with two or more other persons in committing the robbery within an inhabited dwelling. (Cal. Penal Code § 213(a)(1)(A).) The jury found true special enhancement allegations that Woods personally used a firearm during the commission of the robbery (Cal. Penal Code §§ 12022.5(a), 12022.53(b)) and that during the commission of the robbery a principal was armed with a firearm. (Cal. Penal Code § 12022(a)(1).) The jury found Woods guilty of being a felon in possession of a firearm. (Cal. Penal Code § 12021(a).) Woods was sentenced to the upper term of nine years in state prison for his robbery conviction. The trial court imposed a 10-year additional enhancement term pursuant to Cal. Penal Code § 12022.53 for Woods's personal use of a firearm. The trial court imposed, but stayed under section Cal. Penal Code § 654, a 10-year enhancement term under Cal. Penal Code § 12022.5(a) and a one-year enhancement term under Cal. Penal Code

§ 12022(a). The court imposed an eight-month consecutive sentence for Woods's conviction of being a felon in possession of a firearm. The total prison term imposed amounted to 19 years and 8 months.

Woods appealed his conviction to the California Court of Appeal, Third Appellate District, which affirmed his conviction in an unpublished reasoned decision.[1] The California Supreme Court summarily denied review without opinion or citation to authority on January 16, 2008. Woods timely filed his petition for relief in this Court on March 17, 2008.

## II. GROUNDS RAISED/DEFENSES

In his petition Woods raises four grounds: (1) insufficiency of the evidence to support the personal firearm enhancement and felon in possession of a firearm; (2) imposition of a sentence for both being a felon in possession of a firearm and robbery with a personal firearm use enhancement violates Cal. Penal Code § 654; (3) the sentencing at the upper term and imposing consecutive sentences violated *Apprendi-Blakely-Cunningham*; and (4) the trial court improperly stayed instead of striking the enhancement under Cal. Penal Code § 12022.5(a).

Respondent contends that Woods has not exhausted his state court remedies as to the fourth ground. Respondent raises no other affirmative defenses.[2]

## III. STANDARD OF REVIEW

Woods's petition is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3] The Supreme Court has explained that "clearly established Federal law" in §

---

[1] Available online at WestLaw, 2007 WL 3215421 (Cal. App 3 Dist.).

[2] *See* Rules—Section 2254 Cases, Rule 5(b).

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5] When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[6] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[7] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[8]

In applying this standard, this Court reviews the last reasoned decision by the state court.[9] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[10]

To the extent that Woods raises issues of the proper application of State law, they are beyond the purview of this Court in a federal habeas proceeding. A federal court must accept that state courts correctly applied state laws.[11]

---

[4] *Williams*, 529 U.S. at 412.

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[6] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[7] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S. Ct. 1933, 1939 (2007).

[8] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[9] *Ylst v. Nunnemaker*, 501 U.S. 797, 504 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[10] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[11] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly

(continued...)

## IV. DISCUSSION

<u>Ground 1: Insufficiency of the Evidence</u>.

Woods argues that there is insufficient evidence to support his conviction for being a felon in possession of a firearm and personal use of a firearm. Specifically, Woods contends that his conviction on those counts was predicated solely upon the uncorroborated testimony of an accomplice in violation of Cal. Penal Code § 1111. The California Court of Appeal rejected Woods's arguments holding:

> First, corroboration of Condrey's identification testimony was not necessary for the enhancement findings of personal use. ( *People v. Maldonado* (1999) 72 Cal.App.4th 588, 597-598 [accomplice corroboration not required to prove gun use enhancement allegation].) Second, we conclude, in any event, there was sufficient corroborative evidence in this case to support both the felon in possession of a firearm conviction and the personal use enhancements.

As stated by the Supreme Court in *Jackson v. Virginia*,[12] the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.[13] Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law.[14] In this case, the California Court of Appeal, construing state (California) law found there was sufficient corroborative evidence, a decision the review of which is beyond the purview of this Court. In any event, the Fourteenth Amendment does not require that the testimony of an accomplice be corroborated.[15]

---

[11](...continued)
applied state law) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[12] 443 U.S. 307, 319 (1979) (emphasis in the original).

[13] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[14] *Jackson*, 443 U.S. at 324 n. 16.

[15] *Lisenba v. People of the State of California*, 314 U.S. 219, 227 (1941) ("The Fourteenth
(continued...)

MEMORANDUM DECISION
*Woods v. Martel*, 2:08-cv-00585-JKS                4

Consequently, this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[16] Nor can this Court find that the state court unreasonably applied the correct legal principle within the scope of *Andrade–Williams-Landrigan*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. Woods is not entitled to relief under his first ground.

Ground 2: Violation of Cal. Penal Code § 654.

Woods argues that Cal. Penal Code § 654 precludes his being sentenced for a violation of both a felon being in possession of a firearm and a personal use enhancement. The California Court of Appeal, after thoroughly canvassing and discussing California law on the issue, rejected Woods's position, holding:

> The evidence in this case supports the trial court's finding that Woods's possession of the shotgun was independent of the robbery. Contrary to Woods's claim, the record does support the reasonable inference that he possessed the gun before and after the robbery, not merely at the instant of committing the robbery. To begin with, there was no evidence that either Warner or Condrey had the gun before the robbery and gave it to Woods. Nothing in the evidence suggests Woods found the gun inside Crute's home and fortuitously picked it up. Instead, the sequence of events to which Condrey and Crute testified strongly suggests Woods already had the gun before the robbery and took it with him into Crute's home. Specifically, Condrey testified Woods had kicked the door in by the time Warner was able to get out of the car. He and Warner then followed Woods into the house. Crute testified he heard the two booms and a person wearing a wolf mask came around the corner pointing a shotgun at him. Crute did not testify to any appreciable time lapse between the two events that would have allowed Warner or Condrey to catch up with Woods and give him the shotgun. Moreover, Woods did not drop the gun after the robbery, but took it with him. He got into

---

[15](...continued)
Amendment does not forbid a state court to construe and apply its laws with respect to the evidence of an accomplice."); *see also Carmell v. Texas*, 529 U.S. 513, 556–57 (2000) (Ginsburg, J. dissenting) (noting that (1) not all states require that the testimony of an accomplice be corroborated and (2) the requirement is on the wane).

[16] 28 U.S.C. § 2254(d).

the car and threw it, not to Warner, but simply "into the backseat." Thus, viewing the evidence in the light favorable to the trial court's findings, we conclude Woods's sentence for being a felon in possession of a firearm does not constitute multiple punishment prohibited by section 654.

This ground is based solely upon the proper interpretation and application of state (California) law, which is beyond the purview of this Court. It does not raise any constitutional issue. To the extent that Woods may be raising a sufficiency of the evidence claim, it fails for the same reasons as did his first ground. Consequently, this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[17] Nor can this Court find that the state court unreasonably applied the correct legal principle within the scope of *Andrade–Williams-Landrigan*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. Woods is not entitled to relief under his second ground.

Ground 3: *Apprendi/Cunningham* Violation.

Woods argues that the imposition of the upper term based upon factors not found to be true by a jury or that he admitted violates the Sixth Amendment under *Apprendi v. New Jersey*,[18] *Blakely v. Washington*,[19] and *Cunningham v. California*.[20] The California Court of Appeal, addressing this issue, held:

> The trial court's finding of planning, sophistication, and professionalism under rule 421(a)(8), the sole factor in aggravation used to impose the upper term on Woods for his conviction of robbery was not a factor found by the jury, admitted by Woods, or related to Woods's prior convictions. The trial court's finding, therefore, violated Woods's right to jury trial under *Apprendi, Blakely,* and *Cunningham.* (*Black II, supra,* 41 Cal.4th at p. 816; *Sandoval, supra,* 41 Cal.4th at pp. 837-838.)

---

[17] 28 U.S.C. § 2254(d).

[18] 530 U.S. 466 (2000).

[19] 542 U.S. 296 (2004).

[20] 549 U.S. 270, 288–89, 293 (2007) (holding that the mid-term is the statutory maximum for the purpose of applying *Apprendi*).

However, we find the error to be harmless (*Washington v. Recuenco, supra,* 548 U.S. 212 [165 L.Ed.2d 466]) because we conclude, "beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true . . . [the] aggravating circumstance had it been submitted to the jury[.]" (*Sandoval, supra,* 41 Cal.4th at p. 839.) Specifically, the prosecutor asked the trial court at sentencing to impose the upper term on Woods based solely on a finding of planning and sophistication under rule 421(a)(8) because Woods "placed a mask on his face to avoid being identified and avoid apprehension[;]" a factor "so aggravating that it warrants the upper term." The trial court agreed. The record shows it was undisputed Woods used a mask in committing the robbery, the clear purpose of which was to conceal his identity and to avoid being held responsible for his actions. Unquestionably, the jury would have found such use to indicate planning and sophistication.

The Supreme Court has held that an *Apprendi* error is subject to a harmless error analysis.[21] Based upon the record before this Court it cannot say that the determination of the California Court of Appeal that the *Apprendi* error was harmless was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[22] Nor can this Court find that the state court unreasonably applied the correct legal principle within the scope of *Andrade–Williams-Landrigan*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

Woods also argues that the imposition of consecutive sentences violated *Apprendi*, *Blakely*, and *Cunningham*. Woods's argument is foreclosed by the recent decision of the Supreme Court in *Ice v. Oregon*, holding that the *Apprendi*-line of cases does not apply to the imposition of consecutive sentences, traditionally a sentencing factor not an element of the crime submitted to the jury.[23] Woods is not entitled to relief on his third ground.

---

[21] *Washington v. Recuenco*, 548 U.S. 212, 218–222 (2006); *see United States v. Hollis*, 490 F.3d 1149, 1157 (9th Cir. 2007) (holding that *Apprendi* error was harmless where there was "overwhelming and uncontradicted evidence at trial" of the identity of the drug that the defendant distributed).

[22] 28 U.S.C. § 2254(d).

[23] 129 S. Ct. 711, 717–720 (2009).

Ground 4: Failure to Strike Enhancement under Cal. Penal Code § 12022.5(a)

Woods argues that under California law the personal use of a firearm under Cal. Penal Code § 12022.5(a) should have been stricken, not merely stayed under Cal. Penal Code § 654, because a sentence was also imposed under Cal. Penal Code § 12022.53. This is a question of state (California) law beyond the purview of this Court in a federal habeas proceeding; it does not present a federal constitutional issue. Accordingly, Woods is not entitled to relief under his fourth ground.[24]

## V. CONCLUSION AND ORDER

Woods is not entitled to relief under any ground raised in the petition. Accordingly,

**IT IS ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[25] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter final judgment accordingly.

Dated: March 30, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[24] Respondent contends that Woods has not exhausted his state court remedies as to this ground. The Court need not reach that issue, however, as it may deny the petition on the merits notwithstanding the failure to exhaust state court remedies. 28 U.S.C. § 2254(d).

[25] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).